# EXHIBIT 1

# EXHIBIT 1

Electronically Filed
5/13/2024 5:45 PM
Steven D. Grierson
CLERK OF THE COURT

COMJD
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK
325 W. Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

ATTORNEYS FOR PLAINTIFF
AND ALL OTHERS SIMILARLY SITUATED

**THIERMAN BUCK**
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

CASE NO: A-24-893207-C
Department 29

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JULIE LESTER, on behalf of herself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>GNL, CORP.; GNL, LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>Dept. No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**(EXEMPT FROM ARBITRATION PURSUANT TO NAR 3(A): CLASS ACTION)**<br><br>1) Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250, et seq.<br><br>2) Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016;<br><br>3) Failure to Pay Overtime in Violation of NRS 608.140 and 608.018; and<br><br>4) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050.<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff JULIE LESTER ("Plaintiff"), on behalf of herself and all other similarly situated and typical persons, and alleges the following:

- 1 -
CLASS ACTION COMPLAINT

**THIERMAN BUCK**
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and her Counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over the state law claims alleged herein because the amount in controversy exceeds $15,000 and a party seeking to recover unpaid wages has a private right of action pursuant to the Nevada Revised Statute ("NRS") Chapter 608. *See Neville v. Eighth Judicial Dist. Court in & for County of Clark*, 406 P.3d 499, 502 (Nev. 2017); *HG Staffing, LLC v. Second Judicial District Court in and for Cnty. of Washoe*, 136 Nev. 820 (Nev. 2020).

2.      Plaintiff also claims a private cause of action to foreclose a lien against the property owner for wages due pursuant to NRS 608.050.

3.      Plaintiff made a proper demand for wages due pursuant to NRS 608.140 on May 2, 2024.

4.      Venue is proper in this Court because the Defendants named herein maintain a principal place of business or otherwise are found in this judicial district and many of the acts complained of herein occurred in Clark County, Nevada.

## PARTIES

5.      Plaintiff JULIE LESTER ("Plaintiff" or "Lester") is a natural person who was employed by Defendants from on or about May 10, 2021, to on or about March 7, 2023.

6.      Defendant GNL, CORP. is a Nevada domestic corporation. Defendant GNL, LLC is a Nevada domestic limited liability company. Pursuant to the Nevada Secretary of State business filings, Defendant GNL, LLC was formerly known as GNL, CORP. Defendant GNL, CORP. is listed as the employer on Plaintiff's itemized pay statements. Defendant GNL, LLC maintains a registered agent in the state of Nevada located at 701 S. Carson Street Suite 200, Carson City, Nevada, 89701. Collectively Defendant GNL, CORP. and Defendant GNL, LLC are referred to throughout as "Defendants".

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

7. The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "GNL" herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by Defendants as a customer service call employee at their Laughlin, Nevada, call center.

9. Plaintiff was responsible for booking reservations at Defendants' resort properties.

10. Plaintiff held the job titles of Lead and Trainer.

11. As a Lead, Plaintiff would assist other call center agents with questions and accept escalation phone calls from customers in the event that a supervisor was not available.

12. As a Trainer, Plaintiff taught all new call center employees about Defendants' property portfolio, phone etiquette, and how to utilize all the computer programs to carry out the duties of a call center agent.

13. Plaintiff earned between $12.00 and $16.00 per hour during her employment with Defendants.

14. Plaintiff was scheduled for, and regularly worked, at least 5 shifts per week, 8 hours per shift, and 40 hours per workweek.

### A. Defendants' Rounding Policy

15. Defendants required Plaintiff and all other call center employees to record their work hours by clocking-in/out of a timekeeping system. The timekeeping system was computer based, whereby Plaintiff and all other call center employees would record their time on their work computer.

16. Defendants did not pay Plaintiff and call center employees based upon their clock-in/out "punch" time. Rather, Defendants utilized a rounding system whereby they would round Plaintiff and call center employees' time entries to the nearest 15-minute increment ("Rounding Policy"). For example, if Plaintiff and call center employees were to clock-in and begin work at

**THIERMAN BUCK**
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

8:53 a.m., Defendants would round the time entry up to 9:00 a.m.  If Plaintiff and call center employees were to clock out at 5:05 p.m., Defendants would round the time entry down to 5:00 p.m.

17.     Defendants' Rounding Policy was not neutral; it disadvantaged Plaintiff and call center employees in favor of Defendants.  Thus, as a result of Defendants' Rounding Policy, Plaintiff and all other call center employees were denied all their wages due and owing to them for the work they performed for Defendants.

18.     Based on Plaintiff's time punch records, Defendants underpaid Plaintiff approximately 28.5 hours of compensation over the course of her employment.  Plaintiff is therefore owed $503.03 in wages and interest resulting from Defendant's unlawful Rounding Policy.  Since Plaintiff is a former employee of Defendants, she is also entitled to recover up to 60-days of additional wages for the underpayment of wages, which amounts to $7,596.60.  In total, Plaintiff is owed approximately $8,072.63 in wage related damages, not inclusive of the mandatory recovery of attorney's fees and costs of suit, which are also recoverable.

**B.      Defendants' Failure to Include Non-Discretionary Incentive Compensation into the Regular Rate of Pay When Calculating Overtime**

19.     In addition to the hourly compensation, Defendants also paid Plaintiff and call center employees monthly incentive compensation based on specific non-discretionary metrics ("Incentive Plan").

20.     Defendants' Incentive Plan included additional compensation for (i) Tenure (how long the employee had been employed by Defendants), (ii) Quality (the quality of an employee's interaction with customers), and (iii) Upsells (add-ons to a customers' reservation).

/ / /

/ / /

/ / /

21. These incentive payments were paid to employees as "commissions". Below is an example of when Plaintiff received a "commission" in the amount of $303.56.

| Emp Name: Lester, Julie R | Consolidation: Landrys Busines | Federal: Single or married filing separately | Pay Rate: 14.00 |
|---|---|---|---|
| GRE: GNL, Corp | Asg Number: 421881-2 | Wh Allowances:.00 | Gross: 1,482.56 |
| Organization: GNL PBX | Payroll: Golden Nugget Hourly | Date Paid: 21-OCT-2022 | Net: 1,369.15 |
| Location: 0872 - Golden Nugget Laughlin | Payment: NACHA | Check No: 0 | Check Amt: .00 |
| | Amount: 1,369.15 | | |

| Earnings | Hours | Current | YTD | Deductions | Current | YTD |
|---|---|---|---|---|---|---|
| Day Off With Pay | 0 | .00 | 112.00 | EE MEDICARE Withheld | 21.49 | 397.33 |
| Personal Hourly | 0 | .00 | 896.00 | EE SS Withheld | 91.92 | 1698.94 |
| OT Pay | 1.25 | 29.00 | 333.04 | | | |
| Landrys Time Entry | 80 | 1150.00 | 22845.50 | | | |
| Wages | | | | | | |
| Commission | | 303.56 | 3215.73 | | | |
| Gross Earnings | | 1482.56 | 27402.27 | | | |
| Net Pay | | 1369.15 | 25306.00 | | | |

22. Notably, Plaintiff also worked 1.25 hours of overtime during this same time period when Plaintiff received the $303.56 commission.

23. The "commission" plus all other incentive compensation should have been included in Plaintiff's regular rate of pay for determining that amount of overtime to be paid to Plaintiff.

24. The records above do not demonstrate that the incentive compensation was ever factored into Plaintiff's overtime compensation. Plaintiff is therefore owed overtime compensation on the non-discretionary incentives that she received over the course of her employment with Defendants.

## CLASS ACTION ALLEGATIONS

25. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

26. Plaintiff brings this action on behalf of herself and the following similarly situated and typical employees in Nevada as a class action under Nevada's Rules of Civil Procedure:

**Class:**      All non-exempt hourly paid employees employed by Defendants in the State of Nevada during the relevant time period alleged herein.

**Subclass:**      All Class members who are former employees of Defendants.

/ / /

/ / /

- 5 -
CLASS ACTION COMPLAINT

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

**THIERMAN BUCK**
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

27.    **The Class and Subclass are Sufficiently Numerous.** Upon information and belief, Defendants employ, and have employed, in excess of 100 Class and Subclass Members within the applicable statute of limitations.  Because Defendants are legally obligated to keep accurate payroll records, Plaintiff alleges that Defendants' records will establish the identity and ascertainably of members of the Class and Subclass as well as their numerosity.

28.    **Plaintiff's Claims are Typical to Those of Fellow Class and Subclass Members**. Each Class and Subclass Member is and was subject to the same employment practices, plans, and/or policies as Plaintiff, as follows: (1) Defendants' Rounding Policy was uniformly applied to Plaintiff and all other members of the Class and, thus, Plaintiff's allegation that the Rounding Policy was unlawful applies equally to Plaintiff and all members of the Class; (2) Defendants' Incentive Policy was uniformly applied to Plaintiff and all members of the Class and, thus, Plaintiff's allegation that the payments made pursuant to the Incentive Plan should have been included in the regular rate of pay for overtime pay calculations applies equally to Plaintiff and all members of the Class; and (3) as a result of the allegedly unlawful Rounding Policy and failure to pay overtime wages on the Incentive Plan payments, Plaintiff and all Subclass members are entitled to recover continuation wages under Nevada law.

29.    **Common Questions of Law and Fact Exist.** Common questions of law and fact exist and predominate as to Plaintiff and members of the Class and Subclass, including, without limitation the following: (1) Whether Defendants' Rounding Policy disadvantaged Plaintiff and members of the Class over time; (2) Whether Defendants included incentive payments guaranteed by the Incentive Plan in Plaintiff and Class Members' regular rate of compensation for calculating overtime; and (3) whether Plaintiff and members of the Subclass can recover continuation wages for Defendants' unlawful wage practices.

30.    **Plaintiff Is an Adequate Representative of the Class.** Plaintiff will fairly and adequately represent the interests of the Class and Subclass because Plaintiff is a member of the Class and Subclass, she has issues of law and fact in common with all members of the Class and Subclass, and she does not have any interests antagonistic to the members of the Class and Subclass.  Plaintiff and her counsel are aware of their fiduciary responsibilities to members of the

Class and Subclass and are determined to discharge those duties diligently and vigorously by seeking the maximum possible recovery for the Class and Subclass.

31. **A Class Action Is a Superior Mechanism to Hundreds of Individual Actions.** A class action is superior to other available means for the fair and efficient adjudication of their controversy. Each member of the Class and Subclass has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate their employees in accordance with Nevada wage and hour law. The prosecution of individual remedies by each member of the Class and Subclass will be cost prohibitive and may lead to inconsistent standards of conduct for Defendants and result in the impairment of the rights and the disposition of their interest through actions to which they were not parties.

### FIRST CAUSE OF ACTION

**Failure to Pay Minimum Wages in Violation of the Nevada Constitution and**

**NRS 608.250, et seq.**

(On Behalf of Plaintiff and all members of the Class)

32. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

33. Article 15 Section 16 of the Nevada Constitution sets forth the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of the section may not be waived by agreement between an individual employee and an employer. . . .  An employee claiming violation of the section may bring an action against his or her employer in the courts of this State to enforce the provisions of the section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief.  An employee who prevails in any action to enforce the section shall be awarded his or her reasonable attorney's fees and costs."

34. Along with Article 15 Section 16 of the Nevada Constitution, NRS 608.250 sets forth the applicable minimum wage rate:

1. Each employer shall pay to each employee of the employer a wage of not less than:

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

(a)  Beginning July 1, 2019:

    (1)  If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $7.25 per hour worked.

    (2)  If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.25 per hour worked.

(b)  Beginning July 1, 2020:

    (1)  If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.00 per hour worked.

    (2)  If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.00 per hour worked.

(c)  Beginning July 1, 2021:

    (1)  If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.75 per hour worked.

    (2)  If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.75 per hour worked.

(d)  Beginning July 1, 2022:

    (1)  If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.50 per hour worked.

    (2)  If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $10.50 per hour worked.

(e)  Beginning July 1, 2023:

    (1)  If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $10.25 per hour worked.

    (2)  If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $11.25 per hour worked.

(f)  Beginning July 1, 2024:

    (1)  If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $11.00 per hour worked.

    (2)  If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $12.00 per hour worked.

- 8 -
CLASS ACTION COMPLAINT

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

2.   It is unlawful for any person to employ, cause to be employed or permit to be employed, or to contract with, cause to be contracted with or permit to be contracted with, any person for a wage less than that established by this section.

35.    Defendants failed to pay Plaintiff and the Class any wages for the hours that they unlawfully rounded off of employees' time cards.  Indeed, Defendants paid Plaintiff and the Class zero dollars ($0.00) for the hours that they spent working because of Defendants' Rounding Policy.  Zero dollars ($0.00) is less than Nevada's applicable minimum wage rate.

36.    Wherefore, Plaintiff demands for herself and for Class Members payment by Defendants at the minimum wage for all hours that were unlawfully rounded off employees' time cards for the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

**Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016**

(On Behalf of Plaintiff and all members of the Class)

37.    Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

38.    NRS 608.140 provides that an employee has a private right of action for unpaid wages.

39.    NRS 608.016 entitled, "Payment for each hour of work; trial or break-in period not excepted" states that: "An employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period."

40.    Nevada Administrative Code ("NAC") 608.115(1), entitled "Payment for time worked. (NRS 607.160, 608.016, 608.250)" states: "An employer shall pay an employee for all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee."

41.    Defendants' Rounding Policy systematically worked in favor of the employer and against the employee and thus is not permitted under Nevada law.

42. Because of the unlawful Rounding Policy, Defendants failed to pay wages to Plaintiff and members of the Class for all their work hours.

43. Wherefore, Plaintiff demands for herself and for all Class Members payment by Defendants at their regular rate of pay, or any applicable overtime premium rate, whichever is higher, for all hours that were unlawfully rounded off employees' time cards for the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018**

(On Behalf of Plaintiff and all members of the Class)

44. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

45. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

46. NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

47. NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

48. Defendants' Rounding Policy systematically worked in favor of the employer and against the employee and thus is not permitted under Nevada law.

49. Because of the unlawful Rounding Policy, Defendants failed to pay overtime wages to Plaintiff and members of the Class for all their overtime hours worked.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

**THIERMAN BUCK**
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

50.     Furthermore, by failing to include the non-discretionary payments guaranteed by Defendants' Incentive Plan into the regular rate of pay for Plaintiff and members of the Class, Defendants failed to pay Plaintiff and Class Members the correct overtime rate for all overtime hours worked.

51.     Wherefore, Plaintiff demands for herself and for all Class Members, payment by Defendants at one and one half times their "regular rate" of pay for all hours worked in excess of eight (8) hours in a workday for those Class Members whose regular rate of pay did not exceed the one and one half the minimum wage set by law, and premium overtime rate of one and one half their regular rate for all Class Members who worked in excess of forty (40) hours a workweek, for (i) all overtime hours that were unlawfully rounded off employees' time cards and (ii) the correct overtime rate, inclusive of the non-discretionary incentive payments, for all overtime hours worked, during the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

### **FOURTH CAUSE OF ACTION**

**Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050**

(On Behalf of Plaintiff and the Subclass)

52.     Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

53.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

54.     NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

55.     NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

56.    NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

57.    By failing to pay Plaintiff and all members of the Subclass for all hours worked in violation of state law, and at the correct overtime rate, Defendants have failed to timely remit all wages due and owing to Plaintiff and all members of the Subclass.

58.    Despite demand, Defendants willfully refuse and continue to refuse to pay Plaintiff and all Subclass Members.

59.    Wherefore, Plaintiff demands thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, for Plaintiff and Subclass Members, together with attorneys' fees, costs, and interest as provided by law.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial pursuant to Nevada Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

Wherefore Plaintiff, individually and on behalf of all members of the Class and Subclass alleged herein, prays for relief as follows:

1.    For an order certifying the action as a traditional class action under Nevada Rule of Civil Procedure Rule 23 on behalf of all members of the Class and Subclass;

2.    For an order appointing Plaintiff as the Representative of the Class and Subclass, and her counsel as Class Counsel for the Class and Subclass;

3.    For damages according to proof for minimum wage rate, the regular rate or the overtime premium rate, if applicable, for all hours worked but not paid due the Defendants' so called "rounding."

4.    For damages according to proof for overtime compensation for all overtime hours worked and the correct legal rate of overtime compensation;

5.    For continuation wages pursuant to NRS 608.140 and 608.040-.050;

6.    For interest as provided by law at the maximum legal rate;

7.    For reasonable attorneys' fees authorized by statute;

8.    For costs of suit incurred herein;

9.    For pre-judgment and post-judgment interest, as provided by law; and

10.    For such other and further relief as the Court may deem just and proper.

DATED: May 13, 2024                    THIERMAN BUCK

/s/Joshua D. Buck
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
325 W. Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

ATTORNEYS FOR PLAINTIFF
AND ALL OTHERS SIMILARLY SITUATED

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

- 13 -
CLASS ACTION COMPLAINT